IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


RUSSELL F. WALKER,              )
                                )
            Plaintiff,          )
                                )
      v.                        )    1:07CV00099
                                )
WINDSTREAM COMMUNICATIONS, INC., )
                                )
            Defendant.          )


### RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

This matter comes before the Court on two motions. First, Defendant has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Plaintiff's complaint fails to state a claim upon which relief may be granted. After this motion was filed, Plaintiff filed a motion pursuant to Fed. R. Civ. P. 65(b) for a temporary restraining order mandating that Defendant be prohibited from the discontinuance of "provisioning" against ConnectNC, Inc. In that motion, Plaintiff admits that he does not know what provisioning means.

A review of Plaintiff's complaint shows that Defendant Windstream Communications, Inc. terminated Plaintiff Russell F. Walker's access to the Internet because Defendant had discovered that Plaintiff was sending unsolicited e-mails, i.e., spam. Plaintiff's complaint further alleges that Defendant prevented Plaintiff from obtaining Internet access from an entity called ConnectNC. However, later in the complaint, Plaintiff acknowledges that Defendant informed him that it would no longer "hold up the

provisioning." And, indeed, in Plaintiff's request for a temporary restraining order, Plaintiff indicates that he was able to obtain Internet services from ConnectNC, but then as a result of a billing dispute, Internet services were again disconnected.

Plaintiff admits in the complaint to receiving at least one message from Defendant concerning the spam. And, he further acknowledges that there have been two complaints against him from someone that he knows and, according to Plaintiff, he has not further e-mailed him. Plaintiff complains that Defendant would not identify any of the complainants.

Plaintiff contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331, which grants federal courts jurisdiction over claims based on federal law. Plaintiff cites three federal laws, to wit: (1) the First Amendment of the United States Constitution, (2) the Sherman Antitrust Act, 15 U.S.C. § 1, et. seq., and (3) the Racketeering Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. However, other than these bare allegations, he fails to set out any of the elements which would establish a cause of action for these three claims.

Before discussing the deficiencies in the complaint, it will be helpful to review the Supreme Court's most recent discussion concerning the requirements of federal pleading and what is necessary to avoid a dismissal pursuant to Rule 12(b)(6). In Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955 (2006), the Supreme Court reviewed the necessary components of a complaint in order to state a claim for relief and avoid dismissal pursuant to

Rule 12(b)(6). And, helpful to this case, the Supreme Court in <u>Twombly</u> was reviewing an allegation of violation of the Sherman Act, which is one of the claims in this case.

The Supreme Court made it clear that the pleader must set out enough facts that are plausible on their face so that if believed, a claim for relief could be granted. The plaintiff must make direct or inferential allegations concerning all elements of the claim. Furthermore, and importantly, the Supreme Court emphasized that when a lower court reviews a complaint, it does not have a duty to conjure up unpleaded facts in order to save a complaint from dismissal. Rather, the pleader has the burden and duty to state facts covering all the elements of a claim. In addition, when an element of the complaint involves a term of art, such as conspiracy, parallel conduct, and antitrust settings or agreements, the pleader must set out facts plausibly suggesting that the conduct alleged took place. In doing this, the pleader must do more than simply set out labels or conclusions, or even formalistic recitation of the elements of the claim. Instead, sufficient underlying facts must be set out to show that the conclusion that the alleged activity took place arises from more than speculation or suspicion. The facts must show that the activity or conduct is sufficiently plausible so that there is a reasonable expectation that further evidence in discovery will appear that will flesh out the factual allegations.

As stated previously, the first major deficiency in Plaintiff's complaint is that he fails to set out facts concerning

all of the elements of his three claims for relief.  The Court will start with Plaintiff's allegation that his First Amendment rights were violated.  This claim is frivolous on its face.  First, as Defendant points out, the First Amendment does not guarantee "free speech" as Plaintiff argues.  Instead, that amendment, on its face, provides that "Congress shall make no law . . . abridging the freedom of speech . . . ."  After the enactment of the Fourteenth Amendment, the Supreme Court extended the coverage of the First Amendment to state governments in addition to the federal government.  <u>Gitlow v. People of State of New York</u>, 268 U.S. 652, 666 (1925).

Perhaps recognizing this problem, Plaintiff argues that because states allow for artificial entities, such as corporations, that these entities (corporations, partnerships, etc.) become an arm of the state.  Of course, on its face, the proposition lacks merit.  None of these corporations carry on the business of the state, such as enacting or enforcing laws.  Second, Supreme Court precedent on the issue clearly shows that the First Amendment only applies to governmental action and that it has no application to non-governmental corporations, such as Defendant.  <u>Lloyd Corp., Limited v. Tanner</u>, 407 U.S. 551, 567 (1972); <u>Jackson v. Metropolitan Edison Co.</u>, 419 U.S. 345, 358-359 (1974)(public utility).  It is quite clear that Plaintiff fails to state any claim for which he would be entitled to relief against Defendant based on the First Amendment of the United States Constitution.

-4-

Plaintiff next alleges that Defendant's refusal to provide him Internet Service constitutes a violation of the Sherman Act, 15 U.S.C. § 1, et. seq. The first problem, as mentioned above, is that Plaintiff does not define the violation. Plaintiff was given another chance to explain how the complaint alleged such a violation in his response brief, but he utterly fails to do so. There, he claims that Defendant has a monopoly on his telephone communications, but that is the extent of his attempt to comply with his duty to define his claim.

Defendant points out that in order to state a claim under section 1 of the Sherman Act, Plaintiff must show: (1) two persons or entities acted in concert (2) to create an unreasonable restraint on interstate commerce. Estate Const. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cir. 1994); Jadali v. Alamance Regional Medical Center, 225 F.R.D. 181, 184 (M.D.N.C. 2004), adopted, 399 F. Supp. 2d 675 (M.D.N.C. 2005), aff'd, 167 Fed. Appx. 961 (4th Cir. 2006). The complaint clearly does not allege two persons acting in concert, nor does it set out the specific facts from which this could be believed. In fact, the complaint shows the opposite. Unilateral action by one party does not constitute a violation of section 1 of the Sherman Act. Polytechnic Data Corp. v. Xerox Corp., 362 F. Supp. 1 (N.D. Ill. 1973).

As set out previously in his response, Plaintiff does use the word "monopoly." Possibly, this means that he is asserting a claim under section 2 of the Sherman Act. As stated by the Fourth

-5-

Circuit in White v. Rockingham Radiologists, Ltd., 820 F.2d 98, 104 (4th Cir. 1987):

> The offense of monopoly under § 2 of the Sherman Act has two elements: (1) the possession of monopoly power in the relevant market and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of superior product, business acumen, or historic accident.

Plaintiff fails to allege any of these elements and, instead, merely makes the ritualistic incantation of monopoly. However, as the Supreme Court stated in Twombly, supra, such conclusory allegations are wholly insufficient to maintain a claim. As Defendant points out, Plaintiff's allegations only allege that he alone has been harmed by Plaintiff's conduct. This does not show monopoly power. Under the complaint, the market and the area of power would be restricted to his home. That kind of narrow, artificial restriction is, again, wholly insufficient to maintain an antitrust claim. See Brown Shoe Co. v. United States, 370 U.S. 294, 324 (1962). Nor has Plaintiff shown that he suffers an antitrust injury because he is somehow in competition with the Defendant. The complaint merely sets out that Plaintiff has a personal complaint against how Defendant does its business, but this personal harm cannot be the basis of an antitrust claim. Jadali, supra. Even if Plaintiff had alleged that somehow he was in competition with Defendant, the injury must be to competition in general or other consumers. See Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477 (1977).

In his complaint and also his request for a temporary restraining order, Plaintiff does use the term secondary boycott.

However, he fails to allege any facts whatsoever which would show a horizontal price-fixing arrangement among competitors that posed a threat against the free market. See F.T.C. v. Superior Court Trial Lawyers Ass'n, 493 U.S. 411 (1990). All Plaintiff shows is that he was denied Internet service, not that there was any boycott, much less a concerted one to fix prices. Plaintiff has failed to state a valid claim for relief under the antitrust laws.

Plaintiff's last claim arises under RICO. As before, Plaintiff fails to set out acts covering each of the essential elements of a RICO claim. In fact, other than mentioning the statute in the beginning of the complaint, Plaintiff fails to make any mention of a RICO claim other than paragraph 14 in the complaint where he states: "The Windstream security department is a 'criminal enterprise'." The allegation, of course, is conclusory and insufficient and, moreover, fails to take into account the fact that a RICO "enterprise" must be separate from the Defendant. Busby v. Crown Supply, Inc., 896 F.2d 833, 841 (4th Cir. 1990); Palmetto State Medical Center, Inc. v. Operation Lifeline, 117 F.3d 142, 148 (4th Cir. 1997). As stated previously, the Supreme Court recently in Twombly, supra, makes clear that lower courts do not have a duty to conjure up unpleaded facts in order to make sure the plaintiff has stated all of the elements of a claim for relief so that the complaint will not be dismissed. Under 18 U.S.C. § 1962(a), a plaintiff must satisfy these elements: (1) that the defendant derived income from a pattern of racketeering activity, and (2) used or invested the income in the establishment or

-7-

operation of (3) an enterprise (4) which was engaged in or affected commerce by its activities. United States v. Vogt, 910 F.2d 1184, 1194 (4th Cir. 1990). To state a claim under 18 U.S.C. § 1962(c), Plaintiff must plead: "(1) conduct (2) of an enterprise (3) through a pattern of (4) racketeering activity." Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). To establish a claim under § 1962(d), Plaintiff must show (1) that two or more persons were employed by or associated with an enterprise and (2) Defendant agreed to commit or have committed by others at least two predicate acts in a pattern of racketeering activity in the conduct of the enterprises's affairs (under § 1962(a) or (c)). Nolen v. Nucentrix Broadband Networks, Inc., 293 F.3d 926, 930 (5th Cir. 2002); Goren v. New Vision Intern., Inc., 156 F.3d 721, 732 (7th Cir. 1998). For each statute, Plaintiff must show that there is "RICO enterprise" and a "pattern of racketeering activity." Nothing in Plaintiff's complaint comes close to satisfying even one of the elements which would be necessary to sustain a RICO complaint. For this reason, this claim should also be dismissed.

Because the complaint will be dismissed for failing to state a claim upon which relief may be granted, Plaintiff's petition for a temporary restraining order is rendered moot. However, in any event, it is defective for failing to comply with Fed. R. Civ. P. 65(b). Under the terms of the rule, Plaintiff has to show from specific facts in an affidavit or verified complaint that he will suffer immediate and irreparable injury, loss or damage. However, he fails to identify any right to claim relief from any alleged

injury. Moreover, a restraining order would only be good for ten days. Even if the request for restraining order were converted to a preliminary injunction, Plaintiff would have to show not just irreparable harm, but likelihood of success on the merits. Blackwelder Furniture Co. of Statesville v. Seilig Mfg. Co. Inc., 550 F.2d 189 (4th Cir. 1977). He not only fails to do so, but he fails to even state a claim upon which relief may be granted. Plaintiff also fails to show any irreparable injury, i.e., he cannot communicate by any other media other than Internet service, that telephone Internet service is the only such service available to him, and/or that Defendant and ConnectNC, Inc. are the only Internet service providers in his area. Finally, Defendant shows that Plaintiff's Internet service was restored on May 4, 2007, and Plaintiff fails to show otherwise. For these reasons, the motion for a temporary restraining order should also be denied.

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) (docket no. 8) be granted and this action be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Petition for a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b) (docket no. 14) be denied.

_____
United States Magistrate Judge

July 27, 2007

-9-

Case 1:07-cv-00099-TDS-RAE   Document 18   Filed 07/23/07   Page 9 of 9